IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


CURTIS EDWARD STORY,            *
                               *
      Petitioner,              *
                               * CIVIL ACTION NO. 09-00262-KD
vs.                            * CRIMINAL NO. 08-00044-KD-B
                               *
UNITED STATES OF AMERICA,       *
                               *
      Respondent.              *


## REPORT AND RECOMMENDATION

Petitioner Curtis Edward Story, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 32).  This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8 of the Rules Governing Section 2255 Cases.  Upon careful consideration, it is recommended that Story's § 2255 motion be denied.

## I.  BACKGROUND

Story was charged on January 31, 2008, in a two-count indictment, with (1) possession of 371 pseudoephedrine pills, a listed chemical, with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1) and (2) possession with intent to distribute 21 grams of a mixture and substance containing a

detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 3, Indictment). On March 25, 2008, Story appeared before District Judge Kristi DuBose, and through counsel[1], entered a blind guilty plea to both counts of the indictment. (Doc. 15). During the guilty plea hearing, Story acknowledged that he was responsible for 21 grams of 21 grams of a mixture and substance containing a detectable amount of methamphetamine and 371 pseudoephedrine pills. (Doc. 28).

Prior to Story's sentence, a Presentence Investigation Report ("PSR") was prepared by the Probation Office. (Doc. 18). In the PSR, Story's base offense level was calculated at level 28 based on the quantity of drugs attributable to him and the marijuana conversion tables provided in the Sentencing Guidelines. (Doc. 18, ps. 5-6). Story received a three point reduction for acceptance of responsibility and a two point enhancement for possession of a firearm. Story's criminal history category was listed as "III," and his sentencing guideline range was calculated at 87 to 108 months for counts 1 and 2. (Doc. 18, ps. 6-15) The probation officer also noted that the conversion ratio for pseudoephedrine to methamphetamine is consistent with the manufacture of methamphetamine actual as

---

[1] Story was, at all times relevant to this habeas petition, represented by the Federal Defenders Organization, specifically Assistant Federal Defender Peter Madden.

opposed to a mixture and substance containing a detectable amount of methamphetamine, as charged in this case. Thus, the probation officer noted that the Court could consider a downward departure pursuant to U.S.C.G. § 5K2.0(a)(1)(A). (Doc. 18, p. 17)

Story's counsel filed written Objections to the calculation of drug quantity based on the conversion of pseudoephedrine to marijuana and the resulting base offense level (Doc. 16). He also objected to the two-level increase in the base offense level for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). He argued that the pistol in question was an unloaded novelty gun and should not have resulted in an enhancement because it was unrelated to the drug offense and was stored in a display case.[2] (Id.)

---

[2] At the sentencing hearing, the parties presented their respective positions regarding Story's objections to the PSR.(Doc. 29, Sentencing Hearing Transcript). The government presented Mobile County Sheriff's Deputy Raylene Busby, who participated in the search of Story's trailer where the drugs and gun were found. Deputy Busby testified about the location of the gun and opined that regardless of the size of the gun, it could still harm internal organs, and that looking from a distance, a person would be unable to tell if it was loaded or not. (Id. at 18). On cross-examination, Deputy Busby admitted that no ammunition for any firearm was found in the trailer and that no test was conducted to see if the gun was functional. (Id. at 20). At the conclusion of the testimony, the Court overruled Story's objection and found that it was not clearly improbable that the handgun was related to the drug offense; thus, the two point enhancement was proper. (Id. at 21).

Story appeared with counsel for sentencing on June 20, 2008, before District Judge DuBose. (Doc. 29) He was sentenced to a term of 85 months[3] imprisonment on counts 1 and 2, to be served concurrently. He was also sentenced to 3 years supervised release on counts 1 and 2, to run concurrently, and a special assessment of $200 ($100 as to each of counts 1 and 2) was imposed. Thereafter, the Court, on July 15, 2008, entered a Judgment and Commitment Order. (Doc. 23).

On July 11, 2007, Story, through counsel, filed a written Notice of Appeal (Doc. 21). In his direct appeal, Story argued that his sentence was substantively unreasonable. <u>See</u> (Doc. 31). On February 6, 2009, the Eleventh Circuit Court of Appeals affirmed Story's conviction and sentence, and the mandate of the appellate court issued on March 9, 2009. (<u>Id.</u>)

On May 11, 2009[4], Story filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 35). Story alleges several instances of ineffective

---

[3] Story received 2 months' credit for time served spent in state custody awaiting federal sentencing. (Doc. 29 at 28, Sentencing Hearing Transcript).

[4] May 11, 2009 is the date on which the Clerk's Office received Story's initial § 2255 motion and memorandum in support in this Court. (Docs. 32, 33). Pursuant to this Court's Order of May 20, 2009 (Doc. 34), Story filed the current motion seeking habeas corpus relief on the requisite form on June 4, 2009. (Doc. 35).

assistance of trial counsel in support of his request for habeas relief. (<u>Id.</u>) Story's pleadings are not the model of clarity; however, he appears to allege that his counsel rendered ineffective assistance when he failed to: 1) object to the drug amount attributable to him thus resulting an erroneous drug calculation; 2) failed to continue objections regarding disagreement over the factual basis for the plea; 3) failed to properly object to the criminal history category assigned Story; 4) failed to present expert witness testimony; and 5) failed to properly investigate the case. Story also appears to allege that his plea was not voluntary because he was not told that his plea to possession of 371 pills would lead to a 10-1 ratio conversion. (Docs. 32, 33, 35, 39).  The Government filed a Response in opposition to Story's Motion, and argued that the motion is due to be denied. (Doc. 39). Story, on December 3, 2009, filed a reply to the government's response. (Doc. 40).

## II.  DISCUSSION

### A. Legal Standards

28 U.S.C. § 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

As indicated above, Story contends that counsel's constitutionally ineffective assistance entitles him to the relief afforded by 28 U.S.C. § 2255. In order to establish a claim of ineffective assistance of counsel, a petitioner is required to establish two things: "(1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defendant." Gordon v. United States, 496 F.3d 1270, 1276-77 (11th Cir. 2007) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)). Deficient performance requires a showing that counsel's performance was "objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases." Cross, 893 F.2d at 1290; see also Gallo-Chamorro v. United States, 233 F.3d 1298, 1303 (11th Cir. 2000) (petitioner "must prove deficient performance by a preponderance of competent evidence, and the standard is reasonableness under prevailing professional norms").

"There is a strong presumption that counsel's performance was reasonable and adequate," which can be overcome only if the petitioner demonstrates that "no competent counsel would have taken the action that his counsel did take." Gordon, 496 F.3d at

1281 (citations omitted); see also Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) (petitioner satisfies deficient performance only by proving that counsel "made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment"). The test for reasonableness of performance "is not whether counsel could have done something more or different; instead, we must consider whether the performance fell within the broad range of reasonable assistance at trial." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1209 (11th Cir. 2007).

As for the prejudice prong, "[a] petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Stewart, 476 F.3d at 1209 (citation omitted). Indeed, prejudice requires a showing of a "reasonable probability that the result of the proceedings would have been different had counsel not performed deficiently." Cross, 893 F.2d at 1290. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Gallo-Chamorro, 233 F.3d at 1303-04. A petitioner must show that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Cross, 893 F.2d at 1292 (citation omitted). Thus, the prejudice requirement obliges a petitioner to prove "that counsel's errors were so serious as to deprive the defendant of a

fair trial, a trial whose result is reliable." Davis v. Terry, 465 F.3d 1249, 1255 (11th Cir. 2006) (citation omitted).

In order to succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy both prongs of the Strickland test. Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been."). Consequently, the court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one." 466 U.S. at 697; Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998) (courts "are free to dispose of ineffectiveness claims on either of its two grounds"); Duren v. Hopper, 161 F.3d 655, 660 (11th Cir. 1998) ("[I]f a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

**B. Drug Calculation**

Story's first claim of ineffective assistance of counsel is that his trial counsel failed to object to the drug amount attributable to him. Specifically, Story maintains that defense counsel was deficient for not objecting to the 10-to-1 ratio used in calculating his offense level. See (Doc. 35 at 10-11). Story's contention is belied by the record evidence. First of all, the record reflects, and Story acknowledges that at the plea hearing, he admitted that he was responsible for 21 grams

of a mixture and substance containing methamphetamine and the 371 pseudoephedrine pills seized from his trailer on November 26, 2007. Secondly, as set forth in the PSR, the sentencing guidelines provide a formula for converting drugs into their marijuana equivalents for sentencing purposes. See U.S.S.G Sec. 2D1.1. Under the guidelines, one gram of methamphetamine is to be treated as the equivalent of 2 kilograms of marijuana, and one gram of pseudoephedrine is to be treated as the equivalent of 10 kilograms of marijuana. Thus, the conversion of the drug amounts in this case into their marijuana equivalent was proper, and Story's argument that his trial counsel was ineffective for failing to object to the 10-to-1 ratio must fail. Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994)("[I]t is axiomatic that the failure to raise nonmeritorius issues does not constitute ineffective assistance" of counsel).

Moreover, the record reflects that contrary to Story's contention that his counsel did not object to use of the 10-to-1 ratio, Story's counsel did in fact strenuously argue for a downward departure from the sentencing guidelines based on the 10-to-1 ratio, and the fact that the actual methamphetamine seized was a mixture and substance containing methamphetamine, rather than pure methamphetamine. The Court considered defense counsel's arguments and found the guideline range to be appropriate in this case. Further, the record reflects that

while the Court rejected defense counsel's argument for a downward departure, Story was sentenced at the low end of the sentencing guidelines and thus, ended up with a sentence that was well below the 108 month custody sentence that he could have received. Consequently, Story has failed to show that counsel's performance was constitutionally defective. See Oats, 141 F.3d at 1023 (citation omitted) (When applying the Strickland standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds"); Butcher, 368 F.3d at 1293.[5]

### B. Expert Witness

Story also appears to argue that his counsel was ineffective for not securing an expert witness to testify about the amount of methamphetamine that he could have manufactured with the 371 pseudoephedrine pills found in his possession. This claim of ineffective assistance of counsel is also without merit and highly speculative. At sentencing, Story's counsel argued that the conversion ratio for the pseudoephedrine pills was not appropriate in this case, but Story has not come forward with

---

[5] While Story states that the 10-to-1 ratio was "[c]learly an amount that was not foreseeable to the Defendant," (Doc. 35 at 10), he has not alleged that but for counsel's alleged errors, he would have pleaded not guilty and insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

any credible evidence suggesting that his attorney could have established through expert testimony that the application of the applicable sentencing guidelines was improper in his case, or how an expert witness' testimony would have changed the outcome of this case. Self serving speculation about potential witness testimony will not sustain an ineffective assistance of counsel claim. Cf. United States v. Lefebvre, 2008 U.S. Dist. LEXIS 29336, *12-13 (N.D. Fla. Mar. 3, 2008) (stating that § 2255 relief was not available where a petitioner, who alleged that his counsel was ineffective for failing to present expert testimony regarding the amount of consumable methamphetamine contained in the government's exhibits at trial, could not show that there was a reasonable probability that the expert's opinion would have altered the outcome of the trial or sentencing); Lovett v. Florida, 627 F.2d 706, 709-10 (5th Cir. 1980)[6] (rejecting claim of ineffective assistance of counsel based on failure to obtain expert witness regarding handwriting analysis where petitioner failed to establish that the desired expert analysis would be exculpatory). Plainly stated, Story has

---

[6] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

not established exactly what the expert's testimony would have been nor that it would have changed the outcome of this case.

Furthermore, even if Story's trial counsel had sought to introduce evidence from an expert witness regarding the amount of methamphetamine that could have been produced from the pseudoephedrine pills, Story has failed to show any possible difference that it would have made in the result of the proceedings or that it even would have been fruitful in any manner. While the sentencing court noted that an expert's testimony would have been interesting, she also noted that assertions about the type of methamphetamine that would have been produced would be speculative at best, and that manufacturing methamphetamine creates dangerous conditions in the community. (Doc. 29). Thus, there is no basis for finding that an expert's testimony would have somehow changed the outcome of this case. This is particularly true where Story admitted to possessing 371 pseudoephedrine pills and 21 grams of a mixture and substance containing a detectable amount of methamphetamine, and the sentencing guidelines provide the drug conversion formula that is to be used for sentencing purposes.

In summary, Story has not shown that his attorney was deficient or that he has been prejudiced by any alleged deficiency, such that the result of his proceeding would have been any different but for his counsel's performance. Absent a

showing of deficient performance and actual prejudice, Story cannot establish that he was denied his constitutional right to effective assistance of counsel. See Strickland, 466 U.S. 668, 687 (1984) (finding that to prevail on an ineffective assistance claim, a defendant must demonstrate that his counsel's performance was both deficient and prejudicial). Thus, this claim of ineffective assistance of counsel is due to be denied.

**C. Guilty Plea**

To the extent that Story contends that his guilty plea was not knowing and voluntary, this claim is refuted by the record of the guilty plea hearing. While Story acknowledges that he was responsible for 21 grams of 21 grams of a mixture and substance containing a detectable amount of methamphetamine and 371 pseudoephedrine pills, he argues that the drug ratio conversion guidelines were never discussed at the guilty plea hearing. The record, however, reflects that Court conducted a thorough Fed.R.Crim.P. 11 colloquy before accepting Story's plea to ensure that he was knowingly and voluntarily entering into the guilty plea, and to ensure that there was an evidentiary basis for the plea. At the guilty plea hearing, Story affirmed that he was fully satisfied with the advice and representation of his attorney, that he was not under the influence of any drug, medication, or alcoholic beverage, and that no one coerced him into pleading guilty. The court explained to Story that the

maximum penalties based on counts 1 and 2 were up to 20 years imprisonment, a $1 million dollar fine, five years supervised release, and a $100 special assessment, to which Story indicated that he understood. Story also stated that he understood that the sentencing guidelines were applicable in his case, that his sentencing guideline range would not be known until after a full background check was completed, that the guidelines are advisory, and that the Court did not have to follow them.(Doc. 28).[7]  At the conclusion of the plea colloquy, the district judge found that Story was "fully competent and capable of entering an inform[ed] plea and that he was aware of the nature of the charges and the consequences of his plea. Further, the court found that Story's guilty plea was "knowing and voluntary." (Doc. 28 at 12).

---

[7]Although unclear from his pleadings, Story appears to allege that his counsel failed to contest the factual basis of the plea.    However,  the  record  clearly  refutes  Story's contention. The record reflects that during the guilty plea hearing, the only fact that Story disputed related to whether he gave consent to the search of another person's vehicle that was located on the same property as his trailer. (Doc. 28).  As the search of that vehicle was wholly unrelated to the charges to which Story plead for the methamphetamine and pseudoephedrine pills located in his trailer, his counsel was not ineffective as the facts concerning the vehicle were simply not material to the charges to which Story was pleading.

Story's sworn representations made during his change of plea hearing, along with the findings made by the district judge in accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Moreover, a petitioner's sworn statements are presumed to be true, United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994), and this presumption is not overcome by a bald assertion of misunderstanding. Harvey v. United States, 850 F.2d 388, 396 (8th Cir. 1988). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). In this case, Story has not attempted to, much less overcome, the burden necessary to disavow the statements made during his change of plea hearing. Story has not suggested that he ever considered entering a "not guilty" plea or that the Court somehow erred in determining that he knowingly and voluntarily entered his plea. Accordingly, his claim must fail as he is not entitled to any relief under § 2255 on this issue.

**D.   Criminal History Categorization**

Story claims that his counsel failed to object to his criminal history categorization during sentencing. However, Story fails to allege with sufficient specificity his attorney's

failure with respect to this claim. The record reflects that
Story was assigned a criminal history category of III, which
included 4 criminal history points for previous offenses, and 2
additional points because the underlying offense was committed
while Story was on probation following a 2007 conviction in the
District Court of Mobile County. This resulted in a total of 6
criminal history points.  Story presents nothing other than his
conclusory and factually unsupported argument that his counsel
was ineffective and that his criminal history categorization was
incorrect.  Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir.
1991) (vague, conclusory, or unsupported allegations cannot
support an ineffective assistance of counsel claim). Moreover,
even if Story's trial counsel had objected to his criminal
history category, Story has failed to show that any such
objection would have been sustained let alone that it would have
affected the outcome of this case. Further, Story has not even
attempted to show, much less demonstrate, that substantial
prejudice resulted from any alleged failure on the part of his
counsel. Story's failure to meet either Strickland's deficient
performance requirement or prejudice requirement necessitates
the dismissal of this claim. See Strickland, 466 U.S. at 691-92.

### E. Improper Investigation

Story's final claim for relief is that his trial counsel
failed to properly investigate his case. Because Story has not

offered any facts to support his conclusory allegations, this claim must fail. <u>See</u> <u>Hill</u>, 474 U.S. at 59, 106 S. Ct. 366 (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); <u>United States v. Jones</u>, 614 F.2d 80, 81-82 (5th Cir. 1980) (finding district court justified in dismissing petitioner's § 2255 claims when petitioner presented only conclusory allegations to support claims). In this case, Story has not indicated what, if anything, a more thorough investigation by his attorney would have revealed nor how any supposed discovery would have been fruitful in his case. Indeed, an attorney is under no obligation to undertake an unpromising investigation. <u>Harvey v. United States</u>, 850 F.2d 388, 403 (8th Cir. 1988). Story's conclusory allegations are insufficient to support his claim. Thus, he is not entitled to any relief on that claim.

### III. <u>REQUEST FOR EVIDENTIARY HEARING</u>

In his petition, Story requests an evidentiary hearing in order to resolve the issues he raises. (Doc. 35 at 11). A habeas court must order a hearing to determine the issues and findings of fact "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief ...." 28 U.S.C. § 2255(b). Story "is entitled to an evidentiary hearing on [his] claim of ineffective assistance of counsel if [he] alleges facts which, if proven, would entitle

17

[him] to relief." <u>Ramirez v. United States</u>, 260 Fed. Appx. 185, 187 (11th Cir. 2007) (unpublished). "A district court, however, need not conduct an evidentiary hearing if it can be conclusively determined from the record that there was no denial of effective assistance of counsel." (<u>Id.</u>)

The undersigned finds that an evidentiary hearing would not further the interests of justice or comport with the considerations of judicial economy.  Indeed, no evidentiary hearing is required where, as here, a petitioner's claim is "affirmatively contradicted by the record," is otherwise capable of resolution based on the existing record, or is "patently frivolous" for some other reason.  <u>See</u> <u>Aron v. United States</u>, 291 F.3d 708, 715 (11th Cir. 2002); <u>Schultz v. Wainwright</u>, 701 F.2d 900, 901 (11th Cir. 1983).  Story's various contentions are simply not supported by the record and are without merit. "[M]erely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible" do not beget an entitlement to an evidentiary hearing.  <u>Tejada</u>, 941 F.2d at 1559 (internal citations omitted); <u>see also</u> <u>Lynn v. United States</u>, 365 F.3d 1225, 1239 (11th Cir. 2004).  Accordingly, the undersigned finds that there is no need for an evidentiary hearing in this case.

**IV.  <u>CERTIFICATE OF APPEALABILITY</u>**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability ("COA") in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is being denied on the merits of an underlying constitutional claim, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); see also id. at 483- 84, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were '"adequate to deserve encouragement to proceed further."'"); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). With respect to Story's assertions of ineffective assistance of counsel, reasonable jurists could not debate whether his § 2255 motion to vacate should be resolved in a different manner or that the Sixth Amendment issues presented are adequate to deserve encouragement to proceed further. Accordingly, Story is not entitled to a certificate of appealability.

**V.   CONCLUSION**

Based on the foregoing reasons, the undersigned Magistrate Judge is of the opinion that Story's rights were not violated in this cause and that his request to vacate, set aside or correct his sentence should be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Curtis Edward Story. Further, the undersigned Magistrate Judge is of the opinion that Petitioner is not entitled to issuance of a Certificate of Appealability and that because the meritless nature of the

motion is readily apparent, no evidentiary hearing is required in this matter. It is so recommended.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this the **30th** day of **January, 2012**.


_____/S/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection*.  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[8] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[8]The Court's Local rules were amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   ***Transcript (Applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.